1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   KIRK MONROE DAVIS,                     )   Case No.: 1:12-cv-00625JLT
                                            )
12              Plaintiff,                   )   ORDER GRANTING PETITIONER'S MOTION
                                            )   TO SUPPLEMENT OR AMEND PLEADINGS IN
13        v.                                )   CASE NO. 1:12-cv-00266-LJO-JLT (Doc. 4)
                                            )
14   P. D. BRAZELTON,                       )   FINDINGS AND RECOMMENDATIONS TO
                                            )   DISMISS PETITION FOR WRIT OF HABEAS
15              Defendant.                   )   CORPUS
                                            )
16                                          )
                                            )   ORDER SUSPENDING BRIEFING SCHEDULE
17                                          )   (Doc. 4)
                                            )
18                                          )   ORDER DIRECTING CLERK OF THE COURT TO
                                            )   ASSIGN CASE TO DISTRICT JUDGE
19                                          )
                                            )   ORDER REQUIRING OBJECTIONS TO BE
20                                          )   FILED WITHIN TWENTY DAYS
                                            )
21                                          )
                                            )
22   _____       )

23        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas

24   corpus pursuant to 28 U.S.C. § 2254.

25        The petition was filed on April 19, 2012, challenging Petitioner's 1978 conviction for rape and

26   burglary.  (Doc. 1).    Before this, on February 22, 2012, Petitioner filed a petition in case no. 1:12-cv-

27   00266-LJO-JLT, challenging a 2001 conviction for possession of a billy club, for which Petitioner was

28

                                            1

1    sentenced under California's Three Strikes Law, using Petitioner's 1978 conviction as an

2    enhancement.

3         On March 1, 2012, the Court ordered Respondent to file a response to the petition in case no.

4    1:12-cv-00266-LJO-JLT within sixty days.  April 26, 2012, the Court ordered Respondent to file a

5    response to the petition in the instant case within sixty days.  (Doc. 5).  That same day, Petitioner filed

6    a motion to amend the instant petition or, alternatively, to supplement the petition in case no. 1:12-cv-

7    00266-LJO-JLT, with the filings in this case.  (Doc. 4).  Petitioner filed an identical motion in the

8    companion case, making the identical request.  On April 30, 2012, Respondent filed a statement of

9    non-opposition to the motion to amend and supplement pleadings in both cases.  In Respondent's

10   statement of non-opposition, Respondent requests that the Court suspend the briefing schedules in

11   both cases until the issue of amendment or supplementation has been resolved by the Court.  (Doc.

12   16).

13                                    DISCUSSION

14        A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and

15   without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a),

16   as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing

17   Section 2254 Cases.  Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir.

18   1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other

19   amendments.  Rule Civ. P. 15(a).  Here, no responsive pleading has been filed in either case;

20   accordingly, Petitioner is free to amend his petition without leave of Court.

21        However, given the complexity involved in two pending petitions that relate to each other, the

22   Court recognizes that, by filing identical motions to amend or supplement in both cases, Petitioner is

23   essentially seeking to make the Court aware of the two pending cases and attempting to streamline

24   what could, without further Court action, become a cumbersome, inefficient, and duplicative process.

25        Respondent has noted that Rule 2(e) of the Rules Governing Section 2254 Cases precludes

26   filing a federal petition that combines challenges to two separate and distinct state court judgments.

27   (Doc. 16, p. 2).  The Court agrees with Respondent that, if the claims in the two petitions are to be

28   joined as Petitioner has requested, then the claims in case no. 1:12-cv-00625-JLT must be construed as

challenging the sentence in Petitioner's 2001 conviction based on the purported illegality of Petitioner's 1978 conviction, rather than as a direct challenge to the earlier conviction itself.[1]  Given such a construction, and given the parties positions on the motion to amend, which are in concert, the Court sees no reason for not granting said motion.  Consequently, the Court will vacate the scheduling order established by the Court's April 26, 2012 order, direct the Clerk of the Court to assign a United States District Judge to this case, and recommend that this action be dismissed concurrent with the supplementation of the petition in case no. 1:12-cv-00266-LJO-JLT by the claims raised herein.  The Court will address Petitioner's motion to amend filed in case no. 1:12-cv-00266-LJO-JLT, as well as the pending scheduling order in that case, by separate order.

ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1.   Petitioner's motion to amend or supplement (Doc. 4), is GRANTED;

2.   The scheduling order dated April 26, 2012 (Doc. 5), is VACATED;

3.   The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

RECOMMENDATION

Accordingly, the Court RECOMMENDS that this petition for writ of habeas corpus be dismissed as duplicative because the claims raised herein will be addressed by supplementation to the petition in case no. 1:12-cv-00266-LJO-JLT.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

---

[1]  Respondent's statement of non-opposition expressly does not waive any defenses Respondent may have to such claims.

U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **May 3, 2012**                            _____**/s/ Jennifer L. Thurston**

                                       UNITED STATES MAGISTRATE JUDGE